# EXHIBIT B

MSMCH Loan Number: 12-39698

## CONSOLIDATED, AMENDED AND RESTATED PROMISSORY NOTE

$12,250,000.00                                                                                  New York, New York

April 18, 2013

      FOR VALUE RECEIVED **262 EAST FORDHAM REALTY LLC**, a New York limited liability company, having as address c/o Crown Acquisitions, Inc., 767 Fifth Avenue, 24th Floor, New York, New York 10153 (together with its permitted successors and permitted assigns, "Borrower"), as maker, hereby unconditionally promise to pay to the order of **MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC**, a New York limited liability company, as lender, having an address at 1585 Broadway, 10th Floor, New York, New York 10036 ("Lender"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of TWELVE MILLION TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($12,250,000.00), or so much thereof as is advanced, in lawful money of the United States of America, with interest thereon to be computed from the date of this Note at the Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement dated the date hereof between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Loan Agreement"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

      WHEREAS, Lender is the owner and holder of certain mortgages encumbering certain real property as more particularly described in Exhibit A attached hereto, which mortgages are more particularly described in Exhibit B attached hereto (hereinafter referred to as the "Existing Security Instrument(s)") and of the notes secured thereby (hereinafter referred to as the "Existing Notes");

      WHEREAS, there is now owing on the Existing Notes and the Existing Security Instrument(s) the unpaid principal sum of EIGHT MILLION EIGHT HUNDRED TWENTY SIX THOUSAND FOUR HUNDRED FIFTY ONE AND 22/100 DOLLARS ($8,826,451.22) together with interest;

      WHEREAS, any privileges in the Existing Notes to prepay the loan evidenced thereby, in whole or in part, except as may hereinafter be provided, are hereby terminated with the same force and effect as if they had never been granted;

      WHEREAS, Borrower wishes to borrow and Lender agrees to lend an additional principal sum of THREE MILLION FOUR HUNDRED TWENTY THREE THOUSAND FIVE HUNDRED FORTY EIGHT AND 78/100 DOLLARS ($3,423,548.78);

      WHEREAS, in connection with the making of a loan (the "Loan") in the original principal amount of Twelve Million Two Hundred Fifty Thousand and No/100 Dollars ($12,250,000.00) by Lender to Borrower, Borrower has agreed to (i) continue its obligations under the Existing Notes and has requested that Lender amend and restate the terms and

provisions of the Existing Notes into one promissory note of even date herewith (this "Note"), and (ii) continue its obligations under the Existing Security Instrument(s); and has requested that Lender amend and restate the provisions thereof pursuant to that certain Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents and Security Agreement of even date herewith (the "Mortgage"); and

WHEREAS, Borrower and Lender intend these Recitals to be a material part of this Note.

NOW, THEREFORE, in consideration of the premises, the agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby covenant and agree as follows, effective as of the date first above written:

A. The Existing Notes are hereby amended and restated and shall hereafter constitute in law but one note evidenced by this Note in the aggregate principal amount of TWELVE MILLION TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($12,250,000.00), together with interest thereon as hereinafter provided.

B. Neither this Note nor anything contained herein shall be construed as a novation of Borrower's indebtedness to Lender or of the Existing Notes, all of which are hereby consolidated, amended and restated in their entirety.

C. Borrower represents, warrants and covenants to Lender that, as of the date hereof, there are no offsets, counterclaims or defenses with respect to Borrower's obligations under the Original Notes.

D. The Original Notes are hereby amended and restated in their entirety to read as follows:

## PROMISSORY NOTE

$12,250,000.00                                                                                      New York, New York

April 18, 2013

FOR VALUE RECEIVED **262 EAST FORDHAM REALTY LLC**, a New York limited liability company, having an address c/o Crown Acquisitions, Inc., 362 Fifth Avenue, Suite 1201, New York, New York 10001, as maker (together with its permitted successors and permitted assigns, "Borrower"), hereby unconditionally promises to pay to the order of **MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC**, a New York limited liability company, as lender, having an address at 1585 Broadway, 10th Floor, New York, New York 10036 ("Lender"), or at such other place as the holder hereof may from time to time designate in writing, the principal sum of TWELVE MILLION TWO HUNDRED FIFTY

THOUSAND AND NO/100 DOLLARS ($12,250,000.00), or so much thereof as is advanced, in lawful money of the United States of America, with interest thereon to be computed from the date of this Note at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement dated the date hereof between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Loan Agreement"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

## ARTICLE 1: PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times specified in Article II of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

## ARTICLE 2: DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default.

## ARTICLE 3: LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## ARTICLE 4: SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the maximum lawful rate or amount, (b) in calculating whether any interest exceeds the lawful maximum, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the lawful maximum, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

## ARTICLE 5: NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by

an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6: WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and nonpayment and all other notices of any kind. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Debt under this Note, the Loan Agreement or the other Loan Documents. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents. If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and their partners or members shall not thereby be released from any liability. If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

## ARTICLE 7: TRANSFER

Upon the transfer of this Note, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred. Lender shall give Borrower notice of any such transfer of the Note to the extent required pursuant to the Loan Agreement.

## ARTICLE 8: EXCULPATION

The provisions of Section 11.22 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

### ARTICLE 9: GOVERNING LAW

(A)   THIS NOTE WAS NEGOTIATED IN THE STATE OF NEW YORK, AND MADE BY BORROWER AND ACCEPTED BY LENDER IN THE STATE OF NEW YORK, AND THE PROCEEDS OF THIS NOTE WERE DISBURSED FROM THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY, AND IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE AND THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK PURSUANT TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

(B)   ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER IIAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. BORROWER DOES HEREBY DESIGNATE AND APPOINT:

> WACHTEL MASYR & MISSRY LLP
> ONE DAG HAMMARSKJOLD PLAZA
> 885 SECOND AVENUE, 47th FLOOR
> NEW YORK, NEW YORK  10017

AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN NEW YORK, NEW YORK, AND AGREES THAT SERVICE OF PROCESS UPON SAID AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF NEW YORK.  BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF

**ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN NEW YORK, NEW YORK (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN NEW YORK, NEW YORK OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.**

### ARTICLE 10: NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 11.6 of the Loan Agreement.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Borrower and Lender has each duly executed this Note as of the day and year first above written.

**BORROWER:**

262 EAST FORDHAM REALTY LLC,
a New York limited liability company

By: _____
Name: Isaac Chera
Title:   Authorized Signatory

[Signatures continue on following page]

**LENDER:**

MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS LLC, a New York
limited liability company

By: _____
Name:
Title: **Kristin Sansone**
       **Vice President**

## EXHIBIT A

## LEGAL DESCRIPTION

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of East Fordham Road, distant 31.06 feet westerly from the corner formed by the intersection of the southerly side of East Fordham Road with the westerly side of Tiebout Avenue;

RUNNING THENCE westerly along the southerly side of East Fordham Road, 74.11 feet;

THENCE southerly and parallel with Tiebout Avenue, 96.27 feet;

THENCE easterly and at right angles to Tiebout Avenue, 74 feet;

THENCE northerly again parallel with Tiebout Avenue, 100.47 feet to the point or place of BEGINNING.

NOTE:  Being District , Section 11, Block(s) 3148, Lot(s) 20, Tax Map of the Borough of Bronx, County of Bronx.

NOTE:  Lot and Block shown for informational purposes only.

## EXHIBIT B

## EXISTING SECURITY INSTRUMENT(S)

1. Mortgage
   Mortgagor:     262 East Fordham Realty LLC
   Mortgagee:     RCG Longview II, LP
   Amount:        $7,000,000.00
   Dated:         02/12/2004
   Recorded:      03/23/2004
   CRFN#:         2004000176748
   Tax Paid:      $192,500.00

   a.    Assignment of   Mortgage
   Assignor:      RCG Longview II, LP.
   Assignee:      UBS Real State Investment INC.
   Dated:         06/17/2004
   Recorded:      08/20/2004
          CRFN#:         2004000519447

2. Gap Mortgage
   Mortgagor:     262 East Fordham Realty LLC
   Mortgagee:     UBS Real Estate Investments Inc.
   Amount:        $3,000,000.00
   Dated:         06/25/2004
   Recorded:      08/20/2004
   CRFN#:         2004000519448
   Tax Paid:      $82,500.00

   a.    Consolidated, Amended and Restated Mortgage
   Mortgagor:     262 East Fordham Realty LLC
   Mortgagee:     UBS Real Estate Investments Inc.
   Dated:         06/25/2004
   Recorded:      08/20/2004
   CRFN#:         2004000519449
   Consolidates Mortgages 1 and 2 to form a single lien of $10,000,000.00

   c.    Assignment of Mortgage
   Assignor:      UBS Real Estate Investments Inc.
   Assignee:      LaSalle Bank National Association, in its capacity as trustee.
   Dated:         06/28/2004
   Recorded:      01/07/2005
   CRFN#:         2005000014230

   Which Mortgage is assigned to the insured in the principal balance of $8,826,451.22.

3. Mortgage made by 262 East Fordham Realty LLC to Morgan Stanley Mortgage Capital Holdings LLC dated April 18, 2013, to be duly recorded in the Bronx County Clerk/Register's Office in the amount of $12,250,000.00. Which Mortgage is consolidated with Mortgages 1 and 2 to form a single lien of $12,250,000.00 by Agreement dated April 18, 2013, to be recorded simultaneously herewith.

*hand-written annotations: w HSE / WL 2396783*

# ALLONGE

Allonge endorsement attached to the Consolidated, Amended and Restated Promissory Note in the stated original principal amount of $12,250,000.00, executed by 262 EAST FORDHAM REALTY LLC, a New York limited liability company, on April 18, 2013.

Pay to the order of WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2013-C10, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C10, without recourse, representation or warranty.

MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS LLC, A NEW YORK LIMITED LIABILITY COMPANY

By: _____
Name: Kristin Sansone
Title:  Vice President

Loan/File Name: 262-270 East Fordham Road
AMO Ref.: 891.001
Loan Ref.: 12-39698
Pool: MSBAM 2013-C10